# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| ROBERT L. PITTS, CHAIRMAN, FULTON COUNTY BOARD OF COMMISSIONERS, AND FULTON COUNTY BOARD OF REGISTRATION AND ELECTIONS,<br><br>Petitioners,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | CIVIL ACTION:<br>1:26-MC-0177<br><br>BRIEF IN SUPPORT OF EMERGENCY MOTION UNDER L.R. 7.2(B) |

### BRIEF IN SUPPORT OF PETITIONERS' EMERGENCY MOTION TO WAIVE THE TIME REQUIREMENTS FOR BRIEFING AND GRANT AN IMMEDIATE HEARING ON PETITIONERS' RULE 41(g) MOTION TO RETURN PROPERTY AND MOTION TO UNSEAL AFFIDAVIT [UNDER SEAL]

Pursuant to Local Rule 7.2(B), Petitioner Robert L. Pitts, Chairman of the Fulton County Board of Commissioners, and Petitioner Fulton County Board of Registration and Elections ("BRE") request that this Court waive the time requirements for briefing under Local Rule 7.1(A) and (B) on Petitioners' Emergency Motion to File Under Seal, Petitioners' Emergency Fed. R. Crim P. Rule 41(g) Motion to Return Seized Property and Petitioners' Emergency Motion to Unseal Affidavit and grant an immediate hearing on Petitioners' Emergency Fed. R. Crim P. Rule 41(g) Motion to Return Seized Property and Petitioners' Emergency Motion to Unseal Affidavit, filed simultaneously with this motion. There is good cause shown for this Court to waive the time requirements of Local Rule 7.1, and to

render an immediate decision on Petitioners' Emergency Motion to File Under Seal and an immediate hearing on Petitioner's remaining motions.

## FACTUAL BACKGROUND

On January 28, 2026, at 2:31 p.m., the United States obtained the Search Warrant under seal from Magistrate Judge Salinas in this District. The Warrant authorized "Special Agent Hugh Raymond Evans and any Authorized Officer of the United States," to search the premises located at "The Office of the Clerk of Court, 5600 Campbellton Fairburn Road, Fairburn, GA, 30213." (Ex. 1.) The Warrant stated that Special Agent Evans submitted the Search Warrant Affidavit under seal averring that he had "reason to believe" that "certain property, certain data, and certain information" were concealed at the Clerk's Office. *Id*. Later that day, the FBI seized and removed approximately 656 boxes of original documents and records from the 2020 election that had been placed under seal by the Fulton County Superior Court and were being lawfully held under the custody of the Fulton County Clerk. The Warrant alleges that all the property listed "constitutes evidence of a criminal offense and has been used as the means of committing a criminal offense concerning violation of Title 52, United States Code, Sections 20701 and 20511[.]" The Warrant also records that Magistrate Judge Salinas "find[s] that the affidavit establishes probable cause to search and seize the person or property from the person or premises." Id.

A week before Special Agent Evans submitted the Search Warrant Affidavit under seal and before the FBI executed the Warrant, the special agent in charge of the FBI's Atlanta field office, Paul Brown, was removed from his position. Reportedly, the reason for Mr. Brown's removal is that he "expressed concerns about the FBI's investigation into President Donald Trump's longstanding and unsubstantiated allegations of voter fraud in" Fulton County and "refus[ed] to carry out the searches and seizures of records tied to the 2020 election." Ken Dilanian & Ebony Davis, *Atlanta FBI boss ousted after balking at 2020 election probe*, MS NOW (Jan. 30, 2026), https://www.ms.now/news/atlanta-fbi-boss-ousted-after-balking-at-2020-election-probe. Additionally, the presence of the Director of National Intelligence, Tulsi Gabbard, and FBI Deputy Director Andrew Bailey at the raid on January 28, indicate that seizure of these records was a top priority for the Administration.

Petitioners file simultaneously with this motion, a motion to file under seal, a motion to return property under Federal Rule of Criminal Procedure Rule 41(g) based upon the government's violation of Petitioners' Fourth Amendment rights, and a motion to unseal the Warrant and Search Warrant Affidavit at issue.

## LEGAL STANDARD

Local Rule 7.2(B) provides:

> **Emergency Motions.** Upon written motion and for good cause shown, the Court may waive the time requirements of this rule and grant an immediate

> hearing on any matter requiring such expedited procedure. The motion shall set forth in detail the necessity for such expedited procedure.

This rule is consistent with the Court's "inherent power to 'control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants.'" *U.S. Vinyl Mfg. Corp. v. Colour & Design, Inc.*, No. 4:12-CV-00217-HLM, 2013 WL 12409321, at *2 (N.D. Ga. Aug. 26, 2013) (quoting *L.E.A. Dynatech, Inc. v. Allina*, 49 F.3d 1527, 1530 (11th Cir. 1995)).

## ARGUMENT

Good cause exists for this Court to grant Petitioners' request to waive the time requirements for briefing set forth in Local Rule 7.1 and to issue an immediate decision on Petitioners' motion to file under seal, as well as to grant an immediate hearing on their motion to unseal the affidavit upon which the warrant was based and their motion to return the 2020 election records to the office of the Clerk of the Fulton County Superior Court. Expedited consideration of these motions is necessary because the government's seizure of the County's original 2020 election records was carried out with reckless disregard for Petitioners' constitutional rights and the government's seizure and retention of those original records inflict ongoing, irreparable harm on Petitioners and voters, and disregards state sovereignty and local election authority. Delaying the adjudication of Petitioners' motion will further decrease public trust in the elections process, especially where, as here, the government's allegations are based upon seemingly non-prosecutable crimes and its

4

assertions of criminal wrongdoing have already been thoroughly investigated, reviewed, and rejected by multiple courts.

I. **Petitioners suffer ongoing violations of their Fourth and First Amendment Rights.**

It has long been established that the loss of constitutional freedoms, "for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976) (plurality opinion) (citing *New York Times Co. v. United States*, 403 U.S. 713, (1971)). As explained in greater detail in Petitioners' Fed. R. Crim. P. Rule 41(g) Motion to Return Seized Property, the government's seizure of the County's election records constitutes a violation of the Fourth Amendment rights of Petitioners, as the lawful custodians of the records and stewards of the state election process. The seizure also violates Petitioners' First Amendment rights as representatives of County voters and the rights of County voters themselves. *See Curling v Raffensperger*, 491 F.Supp.3d 1289, 1320 (N.D.Ga. 2020) ("It is well-settled that an infringement on the fundamental right to vote amounts in an irreparable injury."); *NE Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville,* 896 F.2d 1283, 1285 (11th Cir. 1990) ("The only area of constitutional jurisprudence where we have said that an on-going violation constitutes irreparable injury is the area of first amendment and right of privacy jurisprudence" because violation of those rights "could not be compensated for by monetary damages"); *Harbor Healthcare Sys. L.P. v. United States,* 5 F.4th 593, 600

(5th Cir. 2021) ("ongoing intrusion" of "privacy constitutes an irreparable injury" that continues "as long as the government retains" the protected records).

## II. The federal government's seizure of state election records infringes upon state sovereignty over the election process.

Additionally, the government's seizure and retention of Fulton County's original election records infringe upon state authority over its own election process. The Elections Clause assigns to the States the primary responsibility to determine the "Times, Places and Manner of holding Elections" for federal office. U.S. Const. art. I, § 4, cl. 1. Georgia has implemented that authority through a comprehensive statutory scheme that vests authority over custody, sealing, and retention of election records in state and county officials and, ultimately, in the Clerk of the Superior Court. O.C.G.A. §§ 21-2-73, 21-2-390, 21-2-500(a). The federal government's seizure and continued retention of state election records disregards this constitutional and statutory allocation of authority.

As detailed in Petitioners' Rule 41(g) motion, the United States has interfered with those rights based on long-debunked theories of election fraud related to the 2020 election. Mot. 4-9. The seizure disregards the state election officials' right to control state election records, which were sealed in accordance with state law. Georgia law requires secure maintenance of the records, which guarantees both a chain of custody and the physical availability of the original documents. The federal government's continued retention of the records infringes upon Petitioners' ability

6

to safeguard election integrity, maintain accurate records, and reassure voters that their ballots will not be manipulated or misused.

Further, the 2020 election records are already subject to several pending lawsuits in state court where the federal government has sought but has not yet been granted access to these records. Allowing the government to obtain and access those same records through a search warrant—and improperly circumventing those ongoing state proceedings, without publicly disclosing any basis for probable cause for the search and seizure—will severely diminish the public's trust in the election process. And that harm increases with each day the unlawful seizure continues.

III. **The government's seizure of these records is highly unusual; thus, it serves the public interest to expedite the adjudication of Petitioners' motions.**

The public's right of access is paramount to its appreciating fully the significant events at issue in the workings of the legal system. The seizure of these records is highly unusual, especially because the warrant was based upon crimes that cannot be prosecuted. The warrant alleges possible violations of 52 U.S.C. § 20701, which requires that election records be retained for 24 months, and 52 U.S.C. § 20511, which imposes criminal penalties for voter intimidation and voter fraud and is subject to a five-year statute of limitations. Both the retention period under the former and the limitations period under the latter has long expired. The government

cannot establish probable cause to believe there are violations of statutes for which someone cannot be prosecuted.

Additionally, the seizure of the records is likely based on claims of election fraud that have been repeatedly disproven. As laid out in Petitioners' Rule 41(g) motion, eleven different post-election lawsuits, challenging various aspects of Georgia's election process failed to demonstrate any fraud. In addition, the Georgia Secretary of State investigated and found no evidence of widespread fraud or irregularities. And during the first Trump Administration, the Department of Justice ("DOJ") and the Federal Bureau of Investigation ("FBI") investigated claims of fraud and irregularities in Fulton County and found they had no merit. Claims of Dominion Voting Systems's manipulations were similarly debunked and have been judicially adjudicated as baseless. Mot. At 4-9.

Each moment the affidavit remains sealed the public is left wondering why the federal government appears to be violating Georgia state law and fundamental principles of federalism. With respect to the motion to unseal, there is strong public interest in the release of a pre-indictment search warrant affidavit and a presumption of public access to such documents. *See In re Four Search Warrants*, 945 F. Supp. 1563, 1568 (N.D. Ga. 1996) (granting press access to redacted search warrant affidavits). This is especially true here, where ongoing federal custody of these records creates a severe risk of voter intimidation and violates the Fourth

8

Amendment. The nature and character of the information in question thus weighs heavily in favor of vindicating the common law right of access to judicial records and unsealing the affidavit.

IV. **The balance of harms weighs in Petitioners' favor.**

Finally, granting the relief Petitioners seeks on an expedited basis would serve the public interest and that would outweigh any harm the government might suggest. At a minimum, the government cannot assert harm from the expeditious resolution of Petitioners' motions. In fact, Petitioners request to file their motions under seal to protect the government's interests, as the warrant was issued under seal. Delaying a decision on Petitioners' motion to return the records to their lawful custodian harms Petitioners by infringing upon their constitutional rights and authority as local election officials and the lawful custodians of the original records. Delaying a ruling on Petitioners' motion to unseal the affidavit in support of the search warrant harms Petitioners by restricting their ability to show that the records were seized without a proper basis for finding probable cause.

## **CONCLUSION**

Accordingly, upon good cause shown, Petitioners respectfully request that the Court grant their motion under Local Rule 7.2(B) as to Petitioners' [Emergency] Motion to File Under Seal, [Emergency] Motion for Return of Property Pursuant to Federal Rule of Criminal Procedure 41(g) and Petitioners' [Emergency] Motion to

9

Unseal Affidavit in Support of Search Warrant; waive the time requirements of Local Rule 7.1; issue an immediate decision on the motion to file under seal; set an immediate hearing on the remaining issues; and, temporarily enjoin the government from accessing, searching, relying on, or reviewing the materials seized on January 28, 2026, from the Office of the Clerk of the Court, 5600 Campbellton Fairburn Road, Fairburn, GA 30213, as well as any copies thereof, pending further order of this Court.

Dated: February 4, 2026

Respectfully submitted,
/s/ *Y. Soo Jo*
Y. Soo Jo
Georgia Bar No. 385817
OFFICE OF THE FULTON
COUNTY ATTORNEY
141 Pryor St. SW, Suite 4038
Atlanta, GA 30303
404-612-0246
soo.jo@fultoncountyga.gov

## CERTIFICATE OF COMPLIANCE

I certify that this memorandum of points and authorities has been prepared in Times New Roman 14 pt font pursuant to LR 7.1(D).

Dated: February 4, 2026

Respectfully submitted,
/s/ *Y. Soo Jo*
Y. Soo Jo
Georgia Bar No. 385817
OFFICE OF THE FULTON
COUNTY ATTORNEY
141 Pryor St. SW, Suite 4038
Atlanta, GA 30303
404-612-0246
soo.jo@fultoncountyga.gov